IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| | \* | |
| v. | \* | CASE NO. 26-mj-00045-CJC |
| | \* | |
| **AURELIO LUIS PEREZ-LUGONES,** | \* | |
| | \* | |
| | \* | |
| **Defendant.** | \* | |

### GOVERNMENT MOTION FOR PROTECTIVE ORDER REGARDING DISCLOSURE OF A SEARCH WARRANT AFFIDAVIT

The United States of America, by and through undersigned counsel, respectfully moves the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a Protective Order restricting copying, dissemination, and public disclosure of a search warrant affidavit containing information related to an on-going investigation, disclosed to defense counsel in advance of a detention hearing. A proposed Protective Order is attached. In support of this motion, the Government states as follows:

1. The defendant is charged in a one-count Complaint charging unlawful retention of national defense information, in violation of 18 U.S.C. § 793(e). A detention hearing is set for January 12, 2026 at 2 p.m. before the Honorable Charles D. Austin, United States Magistrate Judge.

2. On January 8, 2026, a United States Magistrate Judge authorized five search warrants relating to this investigation (Case Nos. 26-mj-00038-42-CJC). One affidavit supported applications for all five warrants. The affidavit contains information related to an on-going national security investigation that, to date, has resulted in the arrest of the defendant. The Government filed a Motion to Seal related to the search warrants, applications, and affidavit. That motion was granted.

3. The Government needs to disclose to the search warrant affidavit to the defendant in advance of the detention hearing. The Government intends to incorporate by reference the facts in the search warrant affidavit to support their detention request. The Government shall not disclose any of the information in the affidavit not already disclosed in the Complaint affidavit on the public record.

4. The Government seeks to restrict the defendant from possessing, copying, disclosing, or otherwise making public the facts in the affidavit. Any public disclosure of the facts in the affidavit could endanger the investigation itself and possibly encourage others to act similarly. The Government is therefore seeking a Protective Order.

5. Rule 16(d)(1) of the Federal Rules of Criminal Procedure states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Government hereby moves, pursuant to Rule 16(d)(1), for a Protective Order restricting defense counsel from making additional copies of the search warrant affidavit, from disseminating the search warrant affidavit, or disclosing the search warrant affidavit in public.

6. Any inconvenience caused by the restrictions in the Protective Order is outweighed by the risks presented by the free dissemination of the search warrant affidavit. Placing restrictions on the copying, dissemination, and disclosure of the search warrant affidavit appropriately balances the Defendant's interest in access to information related to the case and the Government's interest in protecting the on-going investigation.

(cont'd)

WHEREFORE, the government respectfully requests that this Court, pursuant to Rule 16(d)(1) of Federal Rules of Criminal Procedure, grant the Government's Motion for a Protective Order as specified above and enter the proposed Protective Order, attached hereto.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

By: /s/

Patricia McLane
Thomas Sullivan
Assistant United States Attorneys
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201