IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>VS.                                                )<br>)<br>AURELIO LUIS PEREZ-LUGONES,  )<br>)<br>   **Defendant.**                            )<br>---------------------------------              ) | Case NO. 8:26-mj-00045-CJC |

## GOVERNMENT'S MOTION TO REVIEW RELEASE ORDER

The United States of America, by and through undersigned counsel, respectfully moves pursuant to Title 18, United States Code, Section 3145(a)(1), for *de novo* review and revocation of the January 12, 2026, Release Order issued in this case.

1. On January 9, 2026, the Defendant, Aurelio Luis Perez-Lugones, was charged via complaint with violating 18 U.S.C. § 793(e), unauthorized removal and retention of classified documents. ECF 1.[1]

2. The Defendant had an initial appearance on January 9, 2026. ECF 4. The Government moved for detention under 18 U.S.C. § 3142(f)(2). The Honorable Chelsea J. Crawford found the Defendant posed a serious risk of obstruction and ordered a detention hearing be held on January 12, 2026. ECF 8.

3. Following a detention hearing on January 12, 2026, the Honorable Charles D. Austin ordered the Defendant's release from pre-trial detention over the government's objection. ECF 12. But, acknowledging the serious risks to national security raised by the government, Judge Austin stayed this release order until 4:00 p.m. on January 13, 2026, to allow the government the opportunity to seek review. *Id.* Judge Austin further ordered the stay to remain through the date

---

[1] The Defendant was arrested on January 8, 2026.

of the hearing if the Government filed an appeal. *Id.*

4.  Title 18, U.S.C. § 3145(a)(1) provides that, if a magistrate judge orders a defendant released, "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order." On the Government's motion to review a release order, the court of original jurisdiction considers the denial of pre-trial detention *de novo*. *United States v. Clark,* 865 F.2d 1433, 136-38 (4th Cir. 1989); *United States v. Stewart,* 19 F.App'x 46, 48 (4th Cir. 2001).

5.  The Defendant poses a danger to the community.[2] The Defendant is charged with a serious national security violation. Agents seized documents containing national defense information from the Defendant's car and home. However, the Government cannot seize everything in his head. The Defendant has held a security clearance for over 25 years and the Government cannot ensure the safety of the country and U.S. military personnel without detention. Only detention would provide the government a way to monitor whether the Defendant uses any of his knowledge to threaten national security.

6.  Courts have recognized this knowledge as dangerous to the community. *See, e.g.*, *United States v. Wenheng Zhao*, No. 2:23-CR-372-RGK, ECF No. 51, at *3 (C.D.C.A. Oct. 3. 2023) (finding that defendant posed a risk to the community where "The Government alleges that Defendant held a Secret-level security clearance *and presumably knows more sensitive information…. As alleged, Defendant disclosed sensitive information and is capable of disclosing more if released.*" (Emphasis added)); *United States v. Teixeira*, No. 1:23-CR-10159, ECF No. 37 (D. Mass. May 22, 2023) ("The risk of future disclosures is intolerable; it could jeopardize the

---

[2] *U.S. v. Salerno*, 481 U.S.739 (1987) (holding that it is constitutional for section 3145 to require a defendant be held on the account of future dangerousness).

safety of soldiers, citizens, and allies of the United States. Moreover, Defendant's knowledge of TS/SCI did not end with termination of his TS/SCI access. He transcribed, photographed, and discussed TS/SCI and, at a minimum, retains recall of such information.") (emphasis added) (citing *United States v. Madrigal*, No. 3:22-CR-2019, 2023 WL 2823504, at *11 (W.D. Va. April 7, 2023), for the proposition that the threat of harm the defendant posed to the United States remained high even though defendant no longer had access to the relevant systems); *United States v. Mallory*, 268 F. Supp. 3d 854, 866 (E.D. Va. 2017) (noting that the information the defendant "obtained through his decades of government employment, his apparent desire to sell those secrets to a foreign government, and defendant's skills in tradecraft all show that he poses a grave risk of endangering not only one person, but the U.S. itself"). Perez-Lugones is similarly positioned as the defendants in these cases: he has had decades of access to TS/SCI systems and, like these other defendants, what he knows is not erased simply because his access to the information ended. Further, like these defendants, because Perez-Lugones has "transcribed" and "photographed" highly classified information, it is likely he can recall it. Therefore, as the Government argued at the detention hearing, Perez-Lugones *will* be able to disseminate this information if released. No condition of release can change that reality. Only detention can mitigate this threat. Finally, as in those cases, the danger of Perez-Lugones disclosing information in the future could put the community in danger, specifically, U.S. military personnel. The Court should prevent that from happening and should revoke the release order.[3]

7. In the alternative, and without in any way agreeing that this is a case for release, the Government believes that if release conditions *are* set, they should include no use, review, or

---

[3] *U.S. v. Santiago-Pagan*, 2009 WL 1106814 (M.D.P.A. 2009) (describing an assumption of dangerous behavior on behalf of a detainee, which must be rebutted by the defendant).

access to any electronic devices, to include cellphones, capable of accessing the internet.

WHEREFORE, the United States prays that this Court grant the Government's Motion to Review Release Order and set a hearing in the district court.

                                                Respectfully submitted,

                                                Kelly O. Hayes
                                                United States Attorney

                                                _____/s/_____
By:    Patricia McLane
        Thomas Sullivan
        Assistant United States Attorney

        John A. Eisenberg
        Assistant Attorney General

        _____/s/_____
By:    Menno Goedman
        Trial Attorney
        National Security Division